# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DARYL BOCOOK,

    Petitioner,

v.

GARY MOHR, WARDEN,

    Respondent.

CASE NO. 2:18-CV-01059
CHIEF JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE KIMBERLY A. JOLSON

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a document entitled Motion for Relief from Judgment, which has been docketed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to Magistrate Judges.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." If it does so appear, the petition must be dismissed. *Id.* With this standard in mind, and for the reasons that follow, the Undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive § 2254 action.

### I. FACTS AND PROCEDURAL HISTORY

Petitioner challenges his September 25, 1993, aggravated murder conviction following a jury trial in the Muskingum County Court of Common Pleas. According to his motion, he recently filed a state habeas corpus petition in the Ohio Supreme Court, asserting that autopsy reports

indicate that the victim died as a result of an accidental drowning with intoxication as a contributing factor. Petitioner asserts that the prosecutor fraudulently obtained an Indictment against him by concealing from the grand jury the results of these autopsy report(s), thereby misrepresenting material facts, undermining the validity of the proceedings, and preventing Petitioner from presenting a defense (claim one). Petitioner additionally asserts that, as a result of the fraudulent acts of the prosecution, the trial court lacked jurisdiction, rendering his conviction void "ab initio" (claim two).

This is not Petitioner's first federal habeas corpus petition. Petitioner filed his first federal habeas corpus pursuant to 28 U.S.C. § 2254 in January 1999, which this Court dismissed in January 2000. *Bocook v. Huffman*, 2:99-cv-0072 (S.D. Ohio January 13, 2000). This Court and the United States Court of Appeals for the Sixth Circuit denied a certificate of appealability. *See Bocook v. Huffman*, No. 00-3141 (6th Cir. June 5, 2000). The United States Supreme Court then denied the petition for a writ of *certiorari. Bocook v. Huffman*, 531 U.S. 916 (2000). In October 2003, the Sixth Circuit denied Petitioner's motion for permission to file a second or successive petition. *In re Daryl Bocook v. Huffman*, No. 03-3407 (6th Cir. Oct. 29, 2003). On May 27, 2016, Petitioner filed another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 17, 2017, this Court transferred that action to the United States Court of Appeals for the Sixth Circuit as successive. *Bocook v. Warden*, 2:16-cv-00552 (S.D. Ohio April 17, 2017). On June 25, 2018, the Sixth Circuit denied Petitioner's motion for authorization for the filing of a successive habeas petition. *In re Daryl D. Bocook*, No. 17-3390 (6th Cir. Sept. 15, 2017).

## II. DISCUSSION

Petitioner filed this action under Rule 60(b)(4), (d) of the Federal Rules of Civil Procedure, which provides:

2

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

\*\*\*

(4) the judgment is void[.]

\*\*\*

(d) Other Powers to Grant Relief. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

As discussed, he maintains that relief is warranted because the prosecutor failed to inform the grand jury that the coroner's autopsy report indicated that the death was the result of an accidental drowning and over consumption of alcohol. For this argument, Petitioner relies on Ohio Revised Code § 313.19, which provides:

> Coroner's verdict the legally accepted cause of death
>
> The cause of death and the manner and mode in which the death occurred, as delivered by the coroner and incorporated in the coroner's verdict and in the death certificate filed with the division of vital statistics, shall be the legally accepted manner and mode in which such death occurred, and the legally accepted cause of death, unless the court of common pleas of the county in which the death occurred, after a hearing, directs the coroner to change his decision as to such cause and manner and mode of death.

Petitioner asserts that the prosecutor thereby fraudulently obtained the Indictment against him, and the trial court lacked jurisdiction, rendering his charges void. Under these circumstances, Petitioner argues that this Court may grant him relief under the provision of Rule 60(b)(4), (d).

Petitioner's claims challenging the constitutionality of state court proceedings appropriately are brought in an action under 28 U.S.C. § 2254 and not in a motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure. 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Relevant here, federal courts may ignore the legal label used by a pro se litigant and recharacterize it where appropriate. *See Roush v. Brewer*, No. 16-11645, 2018 WL 564234, at *2 (E.D. Mich. Jan. 26, 2018) (citing *Castro v. United States*, 540 U.S. 375, 381–82 (2003)).

Although fraud on a federal habeas court may raise an acceptable ground to bring a motion under Rule 60, challenges that "in effect, ask for a second chance to have the merits determined favorably" should be characterized as a second or successive habeas petition. *See Thompkins v. Berghuis*, 509 F. App'x 517, 519 (6th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. at 532 n.4). Further, Petitioner does not allege that fraud was perpetrated on the federal court; his assertions focus solely on his state court proceedings. Thus, his motion cannot be addressed properly under Rule 60. *See id*. "In order to have been entitled to a reopening of his habeas petition under Rule 60(b)(3), '"the fraud must have been committed by an officer of the federal habeas trial or appellate courts."' *Steele v. Jenkins*, No. 1:15-cv-1374, 2018 WL 3126578, at *1 (N.D. Ohio June 19, 2018) (citing *Buell v. Anderson*, 48 F. App'x. 491, 499 (6th Cir. 2002) (internal citation omitted)); *see also Causey v. Smith*, No. 96-71709, 2016 WL 922219, at *5 (E.D. Mich. March 9, 2016) (where the petitioner seeks to attack state court proceedings under Rule 60(d) based on alleged fraud, such an attempt is correctly construed as a successive habeas petition

4

under *Gonzalez*). Further, "relief from a judgment through an independent action under Rule 60(d)(1) 'is appropriate only in cases 'of unusual and exceptional circumstances.'" or to "prevent a grave miscarriage of justice." *Washington v. Howes*, 2013 WL 5245075, at *1 (E.D. Mich. Sept. 18, 2013) (citing *Rodriguez v. Honigman Miller Schwartz & Cohn LLP*, 465 F. App'x 504, 507 (6th Cir. 2012); *Mitchell v.* Rees, 651 F.3d 593, 595 (2011) (internal citations omitted)). Stated somewhat differently, "when brought in the context of a habeas corpus action, a viable Rule 60(d) independent action requires a strong showing of actual innocence." *Jackson v. Bradshaw*, No. 2:03-cv-983, 2015 WL 5679632, at *9 (S.D. Ohio Sept. 28, 2015) (citing *Mitchell*, 651 F.3d at 596; *Washington v. Howes*, 2013 WL 5245075, at *2). Petitioner has failed to make such a showing here.

For these reasons, this action constitutes a successive petition. *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005) (a motion under Rule 60(b) that seeks to assert a new substantive claim for habeas relief must be treated as a successive petition for which prior authorization for filing is required). 28 U.S.C. § 2244(b)(3)(A) states that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). Under § 2244(b)(3)(A), only a circuit court

of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Id*.

That being the case, this Court is without jurisdiction to entertain a second or successive § 2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if Petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims*:.

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id*. at 47. The Undersigned recommends following that procedure here.

### III. RECOMMENDED DISPOSITION

Consequently, the Undersigned **RECOMMENDS** this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.


Date: October 26, 2018                        /s/ Kimberly A. Jolson
                                              KIMBERLY A. JOLSON
                                              UNITED STATES MAGISTRATE JUDGE