# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DARYL BOCOOK,

    Petitioner,

v.

GARY MOHR, WARDEN,

    Respondent.

Case No. 2:18-cv-01059
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On October 26, 2018, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that Petitioner's *Motion for Relief from Judgment* be transferred to the United States Court of Appeals for the Sixth Circuit as a successive § 2254 petition. (ECF No. 6.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation* (ECF No. 7.) He raises all of the same arguments he previously presented. Petitioner additionally argues that the recharacterization of his *Motion for Relief from Judgment* as an action under 28 U.S.C. § 2254 is inappropriate under *Castro v. United States*, 540 U.S. 375, 383 (2003). *See Foster v. Warden*, 522 F.App'x 319, 321 (6 th Cir. 2013) ("A pro se pleading may not be recharacterized as a § 2254 habeas petition unless the movant is advised of the district court's intention to recharacterize it, warned that the recharacterization could adversely affect the ability to seek future relief under § 2254, and allowed an opportunity to withdraw or amend the pleading." (citing *Castro*, 540 U.S. at 383). However, the concerns of *Castro* do not apply, as Petitioner already has filed several prior actions under 28 U.S.C. § 2254; *Castro* applies to the recharacterization of a litigant's "first" habeas corpus petition. *Id.* at 377. *See United States v.*

*Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002) (the concerns requiring notice of recharacterization do not apply to second or subsequent petitions). Moreover, and despite Petitioner's arguments to the contrary, for the reasons discussed by the Magistrate Judge, the record reflects no basis for relief under Rule 60 of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the these reasons and the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's Objection (ECF No. 7) is **OVERRULED.** The *Report and Recommendation* (ECF No. 6) is **ADOPTED** and **AFFIRMED.** This action is **TRANSFERRRED** to the Sixth Circuit as a successive action under 28 U.S.C. § 2254.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes

2

that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the Court's resolution of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

**IT IS SO ORDERED.**

11-6-2018

EDMUND A. SARGUS, JR.
Chief United States District Judge